IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GERARD WILLIAMS | : | |
| Plaintiff | : | |
| v | : | Civil Action No. WDQ-06-1757 |
| WARDEN, *et al.* | : | |
| Defendants | : | |

o0o

## MEMORANDUM

Pending in the above-captioned civil rights case is Defendants' Motion to Dismiss or for Summary Judgment. Paper No. 9. Plaintiff was advised of his right to file a response in opposition to the motion and of the consequences of failing to do so, but has filed nothing further. Upon review of the papers filed, this Court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons that follow, Defendants' motion, construed as a Motion for Summary Judgment, will be granted.

Background

Plaintiff alleges that on June 12, 2006, Defendant Bull hit him in the neck while he was inside his cell at the Cecil County Detention Center. Paper No. 3 at p. 4. Plaintiff claims that after he was assaulted, Bull told him he would be back to get him and threatened to mace him. *Id*. He claims he has suffered pain in his throat and neck as a result of the assault and that he cannot sleep due to the threat he will be maced. *Id*.

Plaintiff also asserts that when he was "in the hole" on July 9, 2006, his toilet overflowed, no one cleaned the water up, and he was not permitted to clean it himself. *Id*. at p. 5. He alleges he was forced to stay locked in the cell for two days after the toilet overflowed on the floor. *Id*. In addition he states his cell was infested with ants and he was denied a diet tray

despite his 425 pound weight.  *Id*.

Defendants claim entitlement to summary judgment on the ground that Plaintiff failed to exhaust available administrative remedies regarding his claims and, alternatively, on the ground that the allegations raised do not state a constitutional claim.  Paper No. 9.  Cecil County Detention Center, where Plaintiff was incarcerated at all times relevant to this case, has in place an administrative remedy procedure.  *Id*. at p.6 and Ex. 2 and 3.   With respect to Plaintiff's claim that he was assaulted by Deputy Bull, Defendants submit medical records which do not indicate Plaintiff ever complained of the injury he now alleges he sustained. *Id*. at Ex. 4.   In addition, Defendants note that detention center records do not contain grievances filed by Plaintiff regarding the assault.  *Id*. at Ex. 1.  Plaintiff's allegations regarding the condition of his cell were also not raised in an administrative grievance.   *Id*.

<u>Standard of Review</u>

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate.  *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979)*;   Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950).  The moving party bears the burden of showing that there is no genuine issue of material fact. *See* Fed. R. Civ. P. 56(c); *Pulliam*, 810 F.2d at 1286 (citing

*Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

When ruling on a motion for summary judgment, the Court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the non-moving party. *See Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 437 (4th Cir. 1998). A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence. *Anderson*, 477 U.S. at 256.

In *Celotex*, the Supreme Court stated:

> In cases like the instant one, where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions on file." Such a motion, whether or not accompanied by affidavits, will be "made and supported as provided in this rule," and Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial."

*Celotex*, 477 U.S. at 324. However, "'a mere scintilla of evidence is not enough to create a fact issue.'" *Barwick v. Celotex Corp.*, 736 F.2d 946, 958-59 (4th Cir. 1984) (quoting *Seago v. North Carolina Theatres, Inc.*, 42 F.R.D. 627, 632 (E.D.N.C. 1966), *aff'd*, 388 F.2d 987 (4th Cir. 1967)). There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

Exhaustion of Administrative Remedies

The Prison Litigation Reform Act ["PLRA"] generally requires prisoners to exhaust administrative remedies before filing suit in federal court.  Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  The Supreme Court has interpreted the language of this provision broadly, holding that the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).   Thus, the exhaustion provision plainly extends to Plaintiff's allegations.

"[A]n inmate's failure to exhaust his administrative remedies must be viewed as an affirmative defense that should be pleaded or otherwise properly raised by the defendant." *Anderson v. XYZ Correctional Health Services, Inc.*, 407 F. 3d 674, 681 (4th Cir. 2005). Defendants in the instant case have properly raised the exhaustion issue, but Plaintiff has failed to respond.  Paper No. 9.  Having produced no evidence to refute the claim that he has not exhausted administrative remedies, Plaintiff has failed to establish that the merits of his claims may be considered by this Court.   Accordingly, the Complaint must be dismissed by separate Order which follows.


April 5, 2007                                          /s/
Date                                                   William D. Quarles, Jr.
                                                       United States District Judge